IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| ZRS ENTERPRISES LLC and | ) | |
| BROADWAY BELLFORT PROPERTIES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, ZRS ENTERPRISES LLC (hereinafter "ZRS ENTERPRISES LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, ZRS ENTERPRISES LLC, may be properly served with process via its registered agent for service, to wit:    Karim Rahim Maredia, Registered Agent, 8318 Broadway Street, Houston, TX  77061.

9.      Defendant, BROADWAY BELLFORT PROPERTIES, L.L.C. (hereinafter "BROADWAY BELLFORT PROPERTIES, L.L.C."), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, BROADWAY BELLFORT PROPERTIES, L.L.C., may be properly served with process via its registered agent for service, to wit:  Stewart J. Alexander, Registered Agent, 7718 Broadway, San Antonio, TX  78209.

## FACTUAL ALLEGATIONS

11.     On or about June 21, 2019, Plaintiff was a customer at "Stop N Drive Grocery" a business located at 8318 Broadway Street, Houston, TX  77061, referenced herein as "Stop N Drive Grocery".

12.     ZRS ENTERPRISES LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Stop N Drive Grocery.

13.     BROADWAY BELLFORT PROPERTIES, L.L.C. is the owner or co-owner of the real property and improvements that Stop N Drive Grocery is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 14 miles from Stop N Drive Grocery and the Property.

15.     Plaintiff's access to the business(es) located at 8318 Broadway Street, Houston, TX  77061, Harris County Property Appraiser's account number 0402390000011 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Stop N Drive Grocery and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited Stop N Drive Grocery and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Stop N Drive Grocery and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Stop N Drive Grocery and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Stop N Drive Grocery

3

and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.      Plaintiff intends on revisiting Stop N Drive Grocery and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.      Plaintiff travelled to Stop N Drive Grocery and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Stop N Drive Grocery and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Stop N Drive Grocery and the Property.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

19.      On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)      discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.    Stop N Drive Grocery is a public accommodations and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Stop N Drive Grocery must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.      Plaintiff has attempted to, and has to the extent possible, accessed Stop N Drive Grocery and the Property in his capacity as a customer of Stop N Drive Grocery and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Stop N Drive Grocery and the Property that preclude and/or limit his access to Stop N Drive Grocery and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Stop N Drive Grocery and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Stop N Drive Grocery and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist

at Stop N Drive Grocery and the Property that preclude and/or limit his access to Stop N Drive Grocery and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Stop N Drive Grocery and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., are compelled to remove all physical barriers that exist at Stop N Drive Grocery and the Property, including those specifically set forth herein, and make Stop N Drive Grocery and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Stop N Drive Grocery and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Stop N Drive Grocery and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     The ground surfaces of the exterior accessible route in front of the accessible entrances of the Property have multiple two inch wide openings and fail to comply with Section 302.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii)    Due to a failure to enact an adequate policy of maintenance, the accessible parking space near Unit 8318 is not adequately marked, is faded so one cannot judge the boundaries of the accessible parking space and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)   The ground surfaces of the accessible parking space and access aisle near Unit 8318 have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)    The Property has a ramp leading from the accessible parking space near Unit 8318 to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v)     The access aisle to the van accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)     The accessible curb ramp is improperly protruding into the access aisle of the van accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.   This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vii)    The accessible ramp servicing the accessible parking space lacks finished edges or edge protection and/or are otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)   The Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Property in violation of Section 206.2.1 of the 2010 ADAAG standards.   Although the public sidewalk is just inches away from the exterior accessible route, there is not a ramp which connects the public sidewalk to the exterior accessible route. This violation made it difficult for Plaintiff to access the units of the Property.

(ix)     The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.   There are approximately 128 total parking spaces on the Property, requiring five accessible parking spaces, but there is only one accessible parking space on the Property. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)      The interior of Stop N Drive Grocery has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards, this violation is due to the policy of seeking to maximize product

density in the store. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xi)     In Stop N Drive Grocery, the vertical reach to the frozen drink dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xii)    The interior of Stop N Drive Grocery has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xiii)   Inside Stop N Drive Grocery, due to the presence of a hose on the floor, the ground surfaces of the accessible route have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Stop N Drive Grocery and the Property.

10

36.     Plaintiff requires an inspection of Stop N Drive Grocery and the Property in order to determine all of the discriminatory conditions present at Stop N Drive Grocery and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to Stop N Drive Grocery and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Stop N Drive Grocery and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Stop N Drive Grocery and the Property is readily achievable because Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., have the financial resources to make the necessary modifications.  According to the Property Appraiser website, the market value of the Property is listed at $2,587,409.00.

41.     Upon information and good faith belief, Stop N Drive Grocery and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Stop N Drive Grocery and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C..

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., to modify Stop N Drive Grocery and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, ZRS ENTERPRISES LLC, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, BROADWAY BELLFORT PROPERTIES, L.L.C., in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, ZRS ENTERPRISES LLC and BROADWAY BELLFORT PROPERTIES, L.L.C., from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, ZRS ENTERPRISES LLC

and BROADWAY BELLFORT PROPERTIES, L.L.C., to (i) remove the physical barriers to access and (ii) alter the subject Stop N Drive Grocery and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

> Dated: December 23, 2019.
>
> Respectfully submitted,
>
> /s/ Douglas S. Schapiro
> Douglas S. Schapiro, Esq.
> *Attorney-in-Charge for Plaintiff*
> Southern District of Texas ID No. 3182479
> The Schapiro Law Group, P.L
> 7301-A W. Palmetto Park Rd., #100A
> Boca Raton, FL 33433
> Tel: (561) 807-7388
> Email: schapiro@schapirolawgroup.com